IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Gary D. Chaney,

    Plaintiff,

v.

Officer Pfaff, et al.,

    Defendants.

Case No. 2:11-cv-750

JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kemp

## ORDER

Defendants filed a motion for summary judgment on June 27, 2012. Mr. Chaney has not responded to this motion nor has he responded to the Court's order directing him to respond or face dismissal for failure to prosecute. Further, he has not requested any extension of the time for filing a response.

If the plaintiff fails properly to prosecute an action, it can be dismissed either pursuant to the Court's inherent power to control its docket, or involuntarily under Fed. R. Civ. P. 41(b). Link v. Wabash R. Co., 370 U.S. 626 (1962); Boudwin v. Graystone Insurance Co., 756 F.2d 399 (5th Cir. 1985). Dismissal for failure to prosecute can occur where, for example, a plaintiff fails to respond to an order directing that he file a brief. Dynes v. Army Air Force Exchange Service, 720 F.2d 1495 (11th Cir. 1983). Ordinarily, some notice of the court's intention to dismiss for failure to prosecute is required, see Harris v. Callwood, 844 F.2d 1254 (6th Cir. 1988), but that requirement is met if the Court affords a plaintiff a reasonable period of time to comply with orders before the dismissal occurs. Sepia Enterprises, Inc. v. City of Toledo, 462 F.2d 1315 (6th Cir. 1972)(per curiam). Such a dismissal is also appropriate for failure to respond to a summary judgment motion. See Stanley v. Continental Oil Co., 536 F.2d 914 (10th Cir. 1976); see also Lang v. Wyrick, 590 F.2d 257 (8th Cir. 1978).

For these reasons, this case is dismissed without prejudice for failure to prosecute.

    **IT IS SO ORDERED.**

<u>    12-13-2012    </u>
Date

<u> /s/ Edmund A. Sargus, Jr. </u>
Edmund A. Sargus, Jr.
United States District Judge